NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal Action No. 06-701 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| RONALD POMPONIO, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

     The United States of America ("the Government") filed an application for a writ of garnishment upon the December 20, 2007 judgment against Defendant Ronald Pomponio ("Defendant") in the amount of $12,600.00, plus interest at the annual rate of 3.2 percent and penalties. The Government's application was granted by Order of this Court on April 8, 2008 [docket item #14]. The resulting writ provided for notification to the garnishee, MetLife ("the garnishee"), due to its holding a retirement account belonging to Defendant [docket item #14]. Defendant then filed a request for a hearing claiming that he "do[es] not owe the money to the United States that it says [he] do[es]" [docket item #15]. Defendant's counsel submitted a letter, dated May 21, 2008, that explained, "I am informed by my client Judge Chesler made provisions for payment of the fines upon release of my client and not at this time. Therefore there should be no garnishment issued." (Letter from David B. Wasserman, Defendant's counsel, to Clerk, U.S. District Court, District of New Jersey (May 21, 2008) ("Wasserman Letter").) The Court has

reviewed and considered the submissions and, for the following reasons, denies Defendant's request for a hearing, as it finds his objection to the garnishment to be without merit.

On September 5, 2006, Petitioner pled guilty to one count of conspiring to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. (b)(1)(C), and 21 U.S.C. § 846.  On December 20, 2007, the Court sentenced Defendant to a prison term of 33 months, followed by three years of supervised release.  Along with the prison sentence, Defendant was fined $12,500 plus interest, due immediately.  Specifically, the judgment states:

> The defendant shall pay a fine of $12,500.  The Fine is due immediately.
>
> This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1) is due immediately and shall be paid in full within 30 days of sentencing.
>
> It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP).  The defendant participates in the IFRP, the fine shall be paid from those funds at a rate equivalent to $25.00 every 3 months.  In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $350, to commence 30 days after release from confinement.  The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while a[n]y portion of the fine remains unpaid.

United States v. Pomponio, Docket No. 06-701, J. at 5 [docket item #12] ("Pomponio J.").

The United States has the authority to enforce a judgement that imposes a fine upon a judgment debtor:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

28 U.S.C. § 3613(a), (f).  The fine imposed as part of a judgment "is a lien in favor of the United

States on all property and rights to property of the person fined . . . [,]" and that lien "arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated . . . ." Id. at § 3613(c).

Once a writ of garnishment is obtained by the United States, the garnishee must be notified of the requirement that it file a written answer to the writ, and the judgement debtor must be given "instructions . . . for objecting to the answer of the garnishee and for obtaining a hearing on the objections[.]" 28 U.S.C. § 3205(c)(3). After the garnishee files its written answer, the judgment debtor has 20 days to object to the answer and file a request for a hearing. Id. at § 3205(c)(5). The judgment debtor must "state the grounds for the objection and bear the burden of proving such grounds." Id. Finally, when a garnishee fails to answer or properly withhold property,

> the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings). . . .

Id. at § 3205(c)(6).

In the case at hand, Defendant filed an objection to the writ and request for a hearing prior to the garnishee submitting an answer. The garnishee has yet to submit an answer, and the United States has not acted pursuant to 28 U.S.C. §3205(c)(6) to obtain an answer. (See Pl.'s Letter Br. 1.) Regardless of these procedural abnormalities, at this point, the dispute herein centers on whether Defendant was obligated to pay the fine ordered by this Court immediately, or whether the fine was payable pursuant to a payment plan. (See Def.'s App'l [docket item #15];

Wasserman Letter.)  The Court's judgment specifically stated, twice, that the fine was due immediately.  (Pomponio J. 5.)  The language following the two statements that the judgment was due immediately providing for payment via participation in the Bureau of Prisons' IFPR, therefore, did not negate the requirement that the fine was due immediately.  (See id.)  As such, Defendant's premature objection to the writ of garnishment fails to demonstrate that he does not owe the Government the funds in question and that those funds were not due immediately.  See 28 U.S.C. § 3205(c)(5).  This failure of proof obviates the need for a hearing.

Accordingly,

**IT IS** on this 27th day of August, 2008,

**ORDERED** that Defendant's request for a hearing is **DENIED**.


   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge